FRANK N. DARRAS #128904, Frank@DarrasLaw.com
SUSAN B. GRABARSKY #203004, SGrabarsky@DarrasLaw.com
PHILLIP S. BATHER #273236, PBather@DarrasLaw.com

DarrasLaw
3257 East Guasti Road, Suite 300
Ontario, California 91761-1227
Telephone:   (909) 390-3770
Facsimile:   (909) 974-2121
Attorneys for Plaintiff
VIRGINIA SOUKUP

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – EASTERN DIVISION

| | |
|---|---|
| VIRGINIA SOUKUP,<br><br>Plaintiff,<br><br>vs.<br><br>METROPOLITAN LIFE INSURANCE COMPANY,<br><br>Defendants. | Case No:<br><br>COMPLAINT FOR BENEFITS UNDER AN EMPLOYEE WELFARE BENEFIT PLAN |

Plaintiff alleges as follows:

1.  This Court's jurisdiction is invoked pursuant to 28 U.S.C. §§ 1331, 1337 and 29 U.S.C. § 1132(a), (e), (f), and (g), of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1101, *et seq.* (hereafter "ERISA") as it involves a claim by Plaintiff for Disability benefits under an employee benefit plan regulated and governed under ERISA.  Jurisdiction is predicated under these code sections as well as 28 U.S.C. § 1331 as this action involves a federal question.

2.  The ERISA statute at 29 U.S.C. § 1133, in accordance with Regulations of the Secretary of Labor, provides a mechanism for internal appeal of benefit denials. Those avenues of appeal have been exhausted.

3.  Plaintiff is informed and believes and thereon alleges that Deloitte, LLP

Long Term Disability Plan ("Plan") is an employee welfare benefit plan established and maintained by Deloitte, LLP to provide its employees and those of its subsidiaries and affiliates, including Plaintiff, VIRGINIA SOUKUP ("Plaintiff" and/or "Ms. Soukup") with income protection and continued life insurance coverage in the event of a disability and is the Plan Administrator.

4. At all relevant times Plaintiff was a resident of California, an employee of Deloitte, LLP, its successors, affiliates and/or subsidiaries, and a participant in the Plan.

5. Based upon information and belief, Plaintiff alleges that at all relevant times herein Plaintiff was covered under group insurance policy number 33458-G-LTD and group life insurance policy number 33458 that had been issued by Defendant Metropolitan Life Insurance Company to the eligible participants and beneficiaries of the Plan, including Plaintiff.

6. The Plan provides a monthly benefit equivalent to sixty percent (60%) of Plaintiff's pre-disability earnings less deductible sources of income following a 180 day Elimination Period as well as continued life insurance coverage in the event of a disability.

7. The Plan defines "Disabled" as:
- You are receiving Appropriate Care and Treatment and complying with the requirements of such treatment; and
- You are unable to earn:
    - During the Elimination Period and the next 24 months of Sickness or accidental injury, more than 80% of Your Predisability Earnings at Your own job; and
    - After such period, more than 60% of your Predisability Earnings from any employer in Your Local Economy at any gainful occupation for which You are reasonably qualified taking into account Your training, education, and experience.

8. The Plan provides monthly benefits to Plaintiff's normal retirement age-age 67.

9. Prior to her disability under the terms of the Plan Plaintiff was working as a Administrative Assistant for Deloitte, LLP.

10. However, Plaintiff became disabled under the terms of the Plan on or about November 8, 2014 when Plaintiff was involved in a motor vehicle collision that resulted in a scapula fracture. She subsequently filed a Long Term Disability benefits claim.

11. On or about January 5, 2015, Plaintiff saw Board Certified Family Medicine Physician Rommie Fakhoury, M.D. ("Dr. Fakhoury") and reported fatigue, malaise, memory impairment, and insomnia.

12. On or about February 17, 2015, Plaintiff returned to Dr. Fakhoury who diagnosed her with excessive sleepiness, migraine, and fatigue.

13. On or about February 19, 2015, Dr. Fakhoury stated Plaintiff could not perform basic activities of daily living.

14. On or about March 2, 2015, Dr. Fakhoury precluded Plaintiff from returning to work.

15. On or about April 19, 2015, Dr. Fakhoury listed diagnoses of memory loss, chronic insomnia, and migraines. Dr. Fakhoury referred Plaintiff to a neurologist.

16. On or about May 13, 2015, METROPOLITAN LIFE INSURANCE COMPANY approved Plaintiff's Long Term Disability benefits payable beginning May 7, 2015.

17. On or about May 27, 2015, Dr. Fakhoury opined Plaintiff could never push and pull, could not lift more than ten pounds, could handle ten minutes per hour for a total of four hours per day, could perform fingering a total of four hours per day, and could only occasionally reach to the front and the side.

18. On or about May 28, 2015, Plaintiff saw Neurologist Jeffrey Ries, D.O. ("Dr. Ries") when she reported difficulty sleeping, headaches, impulsive behavior , and inattentiveness. Dr. Ries diagnosed Plaintiff with post-concussion syndrome.

19. On or about July 20, 2015, Plantiff saw Paul Mancillas, Ph.D. ("Dr. Mancillas") when she partially completed neuropsychological testing.

20. Plaintiff completed neuropsychological testing on August 26, 2015.

21. On or about September 15, 2015, Dr. Mancillas noted Plaintiff's neuropsychological testing revealed below average verbal comprehension, intellectual disability, impaired perpetual reasoning, impaired processing speed, "very significant" problems with memory functioning, notable deficiencies in visual spatial functioning, and severe problems with executive functioning. Dr. Mancillas diagnosed Plaintiff with major neurocognitive disorder due to Traumatic Brain Injury (TBI) with evidence of cognitive decline impacting consistency with memory, executive functioning and attention. He stated she was not able to return to her place of employment.

22. On or about February 10, 2016, Plaintiff's saw Psychologist Sandra Martinez, Psy.D. ("Dr. Martinez") who observed Plantiff's processing speed was slow. Plaintiff was unable to comprehend information that required various steps and had trouble following instructions and commands.

23. On or about February 12, 2016, METROPOLITAN LIFE INSURANCE COMPANY denied Plaintiff's benefits.

24. On or about February 14, 2016, Plaintiff was deemed disabled by the Social Security Administration as of November 8, 2014.

25. On or about March 7, 2016, Plaintiff returned to Dr. Martinez. Dr. Martinez had to repeat concepts and explain concepts slowly to Plaintiff as Plaintiff exhibited problems with comprehension. Moreover, Dr. Martinez noted Plaintiff became easily distracted.

26. On or about March 21, 2016, Dr. Martinez stated Plaintiff continued to lose focus and experience distraction.

27. On or about April 4, 2016, Plaintiff continued to struggle with becoming easily distracted.

28. On or about April 25, 2016, Plaintiff continued to experience cognitive

deficits. Specifically, she had problems with language comprehension and memory.

29. On or about May 9, 2016, Plaintiff continued to have trouble word finding. In light of her language deficits, she was unable to communicate effectively with others.

30. On or about August 3, 2016, Dr. Mancillas stated Plaintiff continued to exhibit signs and symptoms of Major Neurocognitive Disorder. Dr. Mancillas stated Plaintiff's cognitive decline was evident in regard to memory, executive functioning, and attention. Plaintiff's Test of Memory Malingering did not exhibit any poor test taking efforts or malingering. Moreover, the Dot-Counting Test revealed no evidence of malingering. Dr. Mancillas stated Plaintiff was completely disabled from all work.

31. On or about September 2, 2016, Plaintiff was noted to have a steady decline in her cognitive function. He specified "…my patient has experienced some burdensome repercussions due to her symptoms and state of cognitive decline, that her prognosis from here on is poor."

32. On or about September 21, 2016, Plaintiff appealed METROPOLITAN LIFE INSURANCE COMPANY's denial.

33. On or about November 16, 2016, Dr. Mancillas stated Plaintiff's Major Neurocognitive Disorder is strongly supported by the results of extensive neuropsychological testing. He further stated that Plaintiff is definitely unable to work in any occupation at this time. She is disabled due to her cognitive limitations from her head injury.

34. On or about December 5, 2016, METROPOLITAN LIFE INSURANCE COMPANY upheld its denial of Plaintiff's benefits.

35. Based upon the substantial medical evidence in the possession of METROPOLITAN LIFE INSURANCE COMPANY at the time of the denial, the decision to deny disability insurance benefits was wrongful and contrary to the terms of the Plan.

36. As a direct and proximate result of METROPOLITAN LIFE INSURANCE COMPANY 's failure to provide Plaintiff with disability benefits, Plaintiff has been deprived of said disability benefits beginning on or about February 13, 2016 to the

present date.

37. As a further direct and proximate result of the denial of benefits, Plaintiff has incurred attorney fees to pursue this action, and is entitled to have such fees paid by defendants pursuant to 29 U.S.C. § 1132(g)(1), ERISA § 502(g)(1).

38. A controversy now exists between the parties as to whether Plaintiff is disabled as defined in the Plan. Plaintiff seeks the declaration of this Court that she meets the Plan definition of disability and consequently she is entitled to all benefits from the Plan to which she might be entitled while receiving disability benefits including reimbursement of all expenses and premiums paid for such benefits from the termination of benefits to the present. In the alternative, Plaintiff seeks a remand for a determination of Plaintiff's claim consistent with the terms of the Plan.

WHEREFORE, Plaintiff prays for relief against Defendants as follows:

1. An award of benefits in the amount not paid Plaintiff beginning on or about February 13, 2016 together with interest at the legal rate on each monthly payment from the date it became due until the date it is paid; continuation of life insurance coverage provided under the Plan; plus all other benefits from the Plaintiff which she might be entitled while receiving disability benefits including reimbursement of all expenses and premiums paid for such benefits or, in the alternative, a remand for a determination of Plaintiff's claim consistent with the terms of the Plan;

2. An order determining Plaintiff is entitled to future disability payments/benefits including continuation of life insurance coverage so long as she remains disabled as defined in the Plan;

3. For reasonable attorney fees incurred in this action; and,

4. For such other and further relief as the Court deems just and proper.

Dated: January 3, 2018

DarrasLaw

_____
FRANK N. DARRAS
Attorneys for Plaintiff